United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 14-10058-NMG |
| **Jane E. O'Brien** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Jane E. O'Brien ("defendant") pled guilty in April, 2015, to 1) two counts of investment advisor fraud, in violation of 15 U.S.C. § 80b-6, 2) two counts of wire fraud, in violation of 18 U.S.C. § 1343 and 3) three counts of mail fraud, in violation of 18 U.S.C. § 1341. Defendant was originally sentenced to 45 months incarceration for each count, to be served concurrently, and two years of supervised release. Defendant was also directed to pay $825,732.56 in restitution.

In August, 2015, defendant appealed the judgment entered against her. That appeal is currently pending before the First Circuit Court of Appeals ("First Circuit").

Thereafter, in November, 2016, defendant filed a motion for appointment of counsel to represent her in filing a petition for habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, defendant's motion to appoint counsel will be denied.

-1-

## I. Defendant's Motion to Appoint Counsel

Absent "extraordinary circumstances," a district court cannot consider a § 2255 petition while a direct appeal is still pending. E.g., United States v. Gordon, 634 F.2d 638, 638 (1980).

Under the circumstances present in this case, a habeas petition would be premature. Defendant claims that she is expected to be released to a "halfway house" in May, 2017, and that her appeal might not be decided by then. She also maintains that new, substantial claims with respect to this Court's restitution order have arisen and have not been presented to the First Circuit. Defendant has appealed the entire judgment, however, which includes the order of restitution. Because the entirety of defendant's claims are before the First Circuit, there is "little practical advantage" to parallel proceedings, particularly when the appeals process provides defendant with the opportunity to present her claims in full. Id. at 639. Therefore, it would be improper for this Court to address those claims in a § 2255 petition at this time.

Because a petition for habeas corpus is premature while defendant's direct appeal is pending, the Court will deny her motion to appoint counsel. Cf. Jackson v. Coalter, 337 F.3d 74,

77 n.2 (1st Cir. 2003) (noting that habeas petitioners have no right to appointment of counsel).

**ORDER**

For the forgoing reasons, the motion of defendant Jane E. O'Brien to appoint counsel (Docket No. 124) is **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated January 25, 2017